# EXHIBIT A

FILED
3/28/2024 11:24 PM
2024LA000015

**IN THE CIRCUIT COURT FOR THE TWENTY-THIRD JUDICIAL CIRCUIT**
**DEKALB COUNTY, ILLINOIS**

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

| | |
|---|---|
| KATHLEEN HADLEY, individually and on behalf of similarly situated individuals, | ) )  ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| MONSANTO COMPANY, a Delaware corporation, and BAYER CROPSCIENCE LP, a Delaware limited partnership, | ) ) ) ) ) |
| *Defendants.* | ) ) ) ) |

No.   2024LA000015

Hon.

**JURY TRIAL DEMANDED**

> **NOTICE**
> BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE TO BE CONDUCTED AT THE DEKALB COUNTY COURTHOUSE, SYCAMORE, IL IN ACCORDANCE WITH SUPREME COURT RULE 218 BEFORE JUDGE ___WALLER___ ON 6/18/24 AT 9:00 AM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff Kathleen Hadley ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendants Monsanto Company and Bayer CropScience LP (collectively, "Bayer" or "Defendants") for their violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

<u>**INTRODUCTION**</u>

1.     This case concerns the misuse of individuals' genetic information in Illinois by Defendants who form one of the nation's largest crop science companies. Defendants offer fungicides, harvest aids, herbicides, insecticides, traits, seed, seed treatments, and weed management products. As a condition of employment, Defendants require potential employees to

1

undergo a physical exam during which genetic information in the form of their family medical history is requested.

2.     Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and
>
> (4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.
>
> 410 ILCS 513/25(c).

3.     GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a

disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

4.     Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5.     In requiring prospective employees, such as Plaintiff, to disclose their family medical histories, Defendants have violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6.     In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7.     GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8.     Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendants continue to request that their employees and prospective employees provide protected familial medical history in violation of GIPA.

9.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's Illinois genetic privacy rights.

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

10.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with GIPA, as well as an award of statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11.     Defendant Monsanto Company is a corporation organized under the laws of the state of Delaware and is registered with the Illinois Secretary of State to transact business in Illinois, including in DeKalb County.

12.     Defendant Bayer CropScience LP is a limited partnership organized under the laws of the state of Delaware and is registered with the Illinois Secretary of State to transact business in Illinois, including in DeKalb County. On information and belief, Defendant Bayer CropScience LP manages and controls the operations of Defendant Monsanto Company. Defendant Bayer CropScience LP shares an office address with Defendant Monsanto Company at 800 N. Lindbergh Blvd., St. Louis, Missouri 63167.

13.     At all relevant times, Plaintiff Kathleen Hadley has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

14.     This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendants are doing business within this state, and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants directly or indirectly solicited, requested, required, or purchased genetic information of their job applicants as a condition of applicants' employment or preemployment application in Illinois.

4

15.     Venue is proper in DeKalb County because Defendants are doing business in DeKalb County and thus reside there under 735 ILCS § 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

16.     The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

17.     These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

18.     As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

19.     In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

discriminatory purposes, one of the most harmful of which would occur in the context of employment.

20.    Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

21.    GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

22.    Defendants are each an "employer" as defined by GIPA.

23.    Defendants are providers of agricultural products who operate in Illinois. Defendants employ at least one hundred of individuals across Illinois, including in Waterman, Illinois where one of their facilities is located.

24.    As part of their hiring process, Defendants requires their prospective employees to undergo a physical examination.

25.    Defendants' physical examinations include the solicitation of information regarding the manifestation of diseases in family members of the prospective employee.

26.    In addition to the above statutorily prohibited conduct, Defendants did not inform Plaintiff or the Class of their right not to answer any questions regarding their genetic information.

27.    Defendants thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a condition of employment or as part of their preemployment application.

## FACTS SPECIFIC TO PLAINTIFF

6

28.     Plaintiff Kathleen Hadley was hired by Defendants for a full-time position to work at Defendants' facility in Waterman, Illinois.

29.     As part of the application and hiring process, and as a condition of employment, Defendants required Plaintiff to submit to a physical examination.

30.     During the examination, Defendants required Plaintiff to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff's family members had a history of cancer, high blood pressure, heart disease, diabetes, and other medical conditions.

31.     In response, Plaintiff disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed.

32.     Thus, Plaintiff's sensitive genetic information was solicited by Defendants and obtained by Defendants as a condition of her employment.

33.     Plaintiff was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide her genetic information in furtherance of a workplace wellness program.

34.     By requiring Plaintiff to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for employment with Defendants in Illinois and from whom Defendants, or an agent acting on behalf of Defendants, have requested and/or obtained family medical history

7

or other genetic information according to Defendants' records within the applicable limitations period.

36.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

37.     Upon information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

38.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same, and because Defendants' conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendants' GIPA violations.

39.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a.     Whether Defendants' conduct is subject to GIPA;

   b.     Whether Defendants directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

   c.     Whether Defendants' violations of GIPA were negligent;

   d.     Whether Defendants' violations of GIPA were reckless or intentional; and

   e.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

8

40.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

41.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

42.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
### (On behalf of Plaintiff and the Class)

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     Defendants are companies that employ individuals within the state of Illinois and therefore meet the definition of an "employer" under GIPA. 410 ILCS 513/10.

45.     GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

9

46.     Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

47.     As a precondition of their employment with Defendants, Plaintiff and the Class were required to undergo physical exams, wherein Defendants required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendants directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information.

48.     Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendants as part of their employment applications and during the physical exams they underwent.

49.     The information obtained from Plaintiff and the Class by Defendants is the type of information protected by GIPA. 410 ILCS 513/10.

50.     Plaintiff and the other Class members have been aggrieved by Defendants' above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

51.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(1)-(2).

52.     Defendants' violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with GIPA.

53.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kathleen Hadley, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

    a.  Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

    b.  Declaring that Defendants' actions, as set forth herein, violate GIPA;

    c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with GIPA;

    d.  Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2);

    e.  Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1);

    f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

    g.  Awarding pre- and post-judgment interest, as allowable by law; and

    h.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 28, 2024           Respectfully submitted,

                                KATHLEEN HADLEY, individually and on behalf of similarly situated individuals,

                                By:    /s/ Andrew T. Heldut

11

*One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12

**FILED**
4/1/2024 5:37 PM
2024LA000015

*Lori Grubbs*
Lori Grubbs
Clerk of the Circuit Cour
DeKalb County, Illinois

# IN THE CIRCUIT COURT FOR THE TWENTY-THIRD JUDICIAL CIRCUIT
## DEKALB COUNTY, ILLINOIS

| | |
|---|---|
| KATHLEEN HADLEY, individually and on behalf of similarly situated individuals, ) ) ) ) | |
| *Plaintiff*, ) | No. 2024LA000015 |
| ) | |
| v. ) | Hon. Bradley J. Waller |
| ) | |
| MONSANTO COMPANY, a Delaware corporation, and BAYER CROPSCIENCE LP, a Delaware limited partnership, ) ) ) ) ) | |
| *Defendants*. ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Kathleen Hadley, by and through her undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: April 1, 2024

Respectfully Submitted,

KATHLEEN HADLEY, individually and on behalf of similarly situated individuals,

By:     /s/ Andrew T. Heldut
        *One of Plaintiff's Attorneys*

1

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

2

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose genetic information was requested and/or obtained by Defendants Monsanto Company and Bayer CropScience LP (collectively, "Bayer" or "Defendants") in Illinois (the "Class").

Defendants are providers of agricultural products. As part of their hiring process, Defendants require their prospective employees to undergo a physical examination, which includes questions about the manifestation of diseases in family members. These questions concerning the manifestation of a disease or disorder in family members of an individual are "genetic information" as defined by GIPA. *See* 410 ILCS 513/10. Defendants, by requesting and/or obtaining Plaintiff's and the Class members' genetic information, have violated the privacy rights set forth in GIPA. After Plaintiff learned of Defendants' wrongful conduct, she brought suit on behalf of a Class of similarly situated individuals to put a stop to Defendants' requests for genetic information in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA").

## I.     INTRODUCTION: GIPA

Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition

of employment, preemployment application, labor organization
membership, or licensure;

(2) Affect the terms, conditions, or privileges of employment,
preemployment application, labor organization membership, or
licensure of any person because of genetic testing or genetic information
with respect to the employee or family member, or information about a
request for or the receipt of genetic testing by such employee or family
member of such employee;

(3) Limit, segregate, or classify employees in any way that would deprive
or tend to deprive any employee of employment opportunities or
otherwise adversely affect the status of the employee as an employee
because of genetic testing or genetic information with respect to the
employee or a family member, or information about a request for, or the
receipt of genetic testing or genetic information by such employee or
family member of such employee; and

(4) Retaliate through discharge or in any other manner against any person
alleging a violation of this Act or participating in any manner in a
proceeding under this Act.

410 ILCS 513/25(c). (Compl., ¶ 2.)

GIPA defines "genetic information" as information pertaining to: (i) an individual's
genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a
disease or disorder in family members of such individual; or (iv) any request for, or receipt of,
genetic services, or participation in clinical research which includes genetic services, by the
individual or any family member of the individual.[1] (Compl., ¶ 3.)

Genetic information, including familial health history, is a uniquely private and sensitive
form of personal information. The genetic information contained therein reveals a trove of intimate
information about that person's health, family, and innate characteristics. (Compl., ¶ 4.) GIPA
protects from potential discrimination by employers (Compl., ¶¶ 2, 6, 19.) This includes
prohibiting the solicitation, request, requirement, or purchase of an employee's or a prospective

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

4

employee's genetic information as a condition of employment or preemployment application. *See* 410 ILCS 513/25(c)(1).

## II.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

As part of their hiring process, Defendants require their prospective employees to undergo a physical examination which seeks familial health information. (Compl., ¶¶ 1, 24, 29.) Specifically, Defendants' physical examinations include questions about the manifestation of diseases in family members of their prospective employees. (Compl., ¶¶ 25, 30.) In response, Plaintiff and the other members of the Class disclosed their genetic information, including diseases and disorders with which their family members have been diagnosed. (Compl., ¶ 31.) Thus, Defendants directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information. (Compl., ¶¶ 27, 34, 47.) Plaintiff and the other Class members have been aggrieved by Defendants' violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA. (Compl., ¶ 50.)

### B.     The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for employment with Defendants in
> Illinois and from whom Defendants, or an agent acting on behalf of
> Defendants, have requested and/or obtained family medical history
> or other genetic information according to Defendants' records
> within the applicable limitations period.

(Compl., ¶ 35.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not

just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendants' unlawful conduct.

## III. **ARGUMENT**

### A. **Standards for Class Certification**

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)    The representative parties will fairly and adequately protect the interest of the class.
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal

decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact

number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least one hundred members of the Class. (Compl., ¶ 37.) Because definitive evidence of numerosity can only come from the records of Defendants and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendants' records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendants' conduct is subject to GIPA; whether Defendants directly or indirectly solicited

8

Plaintiff's and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1); whether Defendants' violations of GIPA were negligent; whether Defendants' violations of GIPA were reckless or intentional; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 39.) Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, her genetic information was requested and obtained by Defendants. Plaintiff has also alleged that Defendants did so in violation of the GIPA. Plaintiff's pursuit of this matter against Defendants demonstrates that she will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and has been appointed as class

counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to those affected, but

10

result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendants' conduct becomes compliant with GIPA, to ensure that the Class members' privacy rights in their genetic information are sufficiently protected, and to compensate those individuals who have had their statutorily-protected genetic privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendants would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

IV.     **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: April 1, 2024                                     Respectfully submitted,

                                                        KATHLEEN HADLEY, individually
                                                        and on behalf of similarly situated
                                                        individuals,

                                    By:     /s/ Andrew T. Heldut
                                            *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)

MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12

## **CERTIFICATE OF FILING**

I hereby certify that on April 1, 2024, I caused the foregoing *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the DeKalb County E-filing system.

/s/ Andrew T. Heldut